UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN MICILLO,

                Plaintiff,

      -against-                             14 Civ. 0943 (LAK)

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

> Christine Ann Palmieri
> LIDDLE & ROBINSON, LLP
> *Attorney for Plaintiff*

> Daniel J. LaRose
> Jane Andersen
> Assistant Corporation Counsel
> ZACHARY W. CARTER
> CORPORATION COUNSEL OF THE CITY OF NEW YORK
> *Attorneys for Defendant*

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff John Micillo was employed by the New York City Department of Education ("DOE") as an interim acting assistant principal at the High School for Medical Professionals in Brooklyn and was designated as the athletic director for the campus.[1] According to the amended complaint, his responsibilities in that role included "collect[ing] and submit[ting] payroll for the

---

[1]     Am. Compl. [DI 4] ¶¶ 8-9.

2

coaches."[2]

In the course of reviewing timecards submitted by a trio of football coaches, Micillo noticed that "the times on all three cards were identical" and suspected that the coaches "were engaging in timecard fraud."[3] He brings a claim under 42 U.S.C. § 1983 to recover damages because he was fired allegedly in retaliation for "exercis[ing] his First Amendment rights" by reporting the apparent fraud to his superiors at the school.[4] Micillo brings additional claims under the New York Civil Service Law and the National Labor Relations Act ("NLRA").

The City has moved to dismiss the amended complaint for failure to state a claim on which relief may be granted. Magistrate Judge Gabriel W. Gorenstein's has recommended that the motion be granted in a thorough report and recommendation (the "R&R").[5] Micillo objects. He has not, however, opposed dismissal of the Civil Service Law and NLRA claims. Accordingly, the R&R focuses almost entirely on the First Amendment claim.

A public employee bringing a First Amendment claim based on alleged retaliation for that employee's speech must establish that he or she spoke "as a citizen on a matter of public concern" and not simply as an employee according to his or her professional responsibilities.[6] The R&R concludes that Micillo's First Amendment claim should fail because the amended complaint

---

[2] *Id.* ¶ 9.

[3] *Id.* ¶¶ 12-13.

[4] *Id.* ¶ 30.

[5] *See* DI 18.

[6] *Jackler v. Byrne*, 658 F.3d 225, 235 (2d Cir. 2011) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)).

3

"does not permit the Court to draw a reasonable inference that Micillo was speaking in a capacity other than pursuant to his official job duties when he reported the timecard fraud."[7]

Micillo argues that the magistrate judge erred by inferring that the allegedly protected speech was pursuant to Micillo's official duties, an inference that Micillo claims was inappropriate on a Rule 12 motion and certainly a conclusion not compelled by the allegations of the complaint. Micillo's objection is without merit, largely for reasons explained in the R&R. But the Court makes two additional points.

First, Micillo raised the issue of the alleged timecard fraud while serving as an acting assistant principal and the athletic director of the school. Even beyond that, he acknowledges that he was responsible for "collect[ing] and submit[ting] payroll for the coaches."[8] Micillo attempts to downplay the importance of these facts by arguing that "[i]t does not necessarily follow . . . that he was also responsible for recognizing and/or reporting the type of improprieties that were the subject of his speech" – i.e., the apparent timecard fraud.[9] In other words, Micillo asserts that, even if he were acting within the scope of his professional duties while collecting and submitting the timecards, he was acting as a public citizen when, upon reviewing those timecards, he voiced concerns to his superiors.

This argument slices the salami too thin.

By attempting to distinguish between his duties in collecting timecards and his duties in reporting wrongdoing obvious on their face, Micillo ignores responsibilities that inhere in the

---

[7] DI 18 at 14.

[8] DI 4 ¶ 9.

[9] Objections to R&R [DI 21] at 5.

4

employer/employee relationship. An employee has an obligation to provide his or her employer with "facts that the [employee] knows, has reason to know, or should know" when (i) the employee "knows or has reason to know that the [employer] would wish to have the facts or the facts are material to the [employee's] duties to the [employer]," and (ii) "the facts can be provided to the [employer] without violating a superior duty owed by the [employee] to another person."[10] Micillo's argument, if accepted, would ignore this duty. It is difficult to imagine facts that Micillo could have had a stronger obligation to communicate to his employer – by virtue of Micillo's employment generally, his position as athletic director, and his specific responsibilities with respect to timecards – than those that he reported. To say that the speech that allegedly triggered his discharge was anything other than "part-and-parcel" of Micillo's job would be entirely untenable.[11]

Second, the R&R's conclusion that the case should be dismissed is not altered by the Second Circuit's recent decision in *Matthews v. City of New York*.[12] An officer in the New York City Police Department there brought suit alleging that the City "retaliated against him for speaking to his commanding officers about an arrest quota policy at his precinct."[13] The Second Circuit vacated the district court's grant of the City's motion for summary judgment based, in part, on its conclusion that Matthews had spoken as a public citizen and not pursuant to his official duties, in

---

[10] RESTATEMENT (THIRD) OF AGENCY § 8.11 (2006).

[11] *See Weintraub v. Bd. of Educ. of City Sch. Distr. of City of. N.Y.*, 593 F.3d 196, 203 (2d Cir. 2010) (speech is "pursuant to a public employee's official job duties" when it is "part-and-parcel of [the employee's] concerns about his ability to properly execute his duties.") (internal quotation marks omitted).

[12] No. 13-2815-cv (2d Cir. Feb. 26, 2015).

[13] Slip op. at 3.

large measure because Matthews' duties did not "involve formulating, implementing, or providing feedback" on the quota policy at issue.[14]

Micillo's claims fall well outside *Matthews*' ambit.  Micillo's speech did not implicate the implementation or formulation of any policy that transcended the scope of his duties.  Rather, the Court agrees with the R&R's assessment that "Micillo complained of specific wrongdoing by specific individuals related to his official job responsibility . . . to collect and submit payroll information."[15]  In these circumstances, "the nature of the plaintiff's job responsibilities, the nature of the speech, and the relationship between the two" all lead to the conclusion that Micillo was acting within the scope of his professional duties when he complained of the alleged timecard fraud.[16]  Micillo seems to object to the notion that a court *ever* could conclude, at least before the taking of discovery as to the scope of a public employee's duties, that such an employee spoke pursuant to those duties and not as a public citizen.[17]  But such conclusions are entirely appropriate when the complaint is sufficiently clear.[18]  This is such a case.[19]

---

[14] *Id.* at 18.

[15] DI 18 at 13.

[16] *Matthews*, slip op. at 15-16 (quoting *Ross v. Breslin*, 693 F.3d 300, 306 (2d Cir. 2012)).

[17] *See* DI 21 at 4-5 ("The extent of Micillo's – or anyone else's – responsibilities with regard to reviewing the timecards and time sheets, or to identifying discrepancies and reporting them, if any, is unknown at this stage of the litigation.").

[18] *See, e.g.*, *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013), *cert. denied sub nom. City of Burbank, Cal. v. Dahlia*, 134 S. Ct. 1283 (2014) (complaint was clear that police officer spoke pursuant to his employment responsibilities, and not as a public citizen, when he "reported up the chain of command to the supervising lieutenant overseeing the investigation about abuse related to that same investigation"); *White v. City of New York*, No. 13 Civ. 7156 (ER), 2014 WL 4357466, at *11 (S.D.N.Y. Sept. 3, 2014) (granting

6

*Conclusion*

Accordingly, Micillo's objections are overruled. The motion to dismiss the amended complaint [DI 14] is granted in all respects. The Clerk shall enter judgment and close the case.

SO ORDERED.

Dated:          March 3, 2015

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

motion to dismiss where speech at issue was obviously "that of a concerned teacher, not a concerned citizen"); *Adams v. New York State Educ. Dep't*, 752 F. Supp. 2d 420, 430 (S.D.N.Y. 2010), *aff'd sub nom. Ebewo v. Fairman*, 460 F. App'x 67 (2d Cir. 2012) (granting motion to dismiss where plaintiffs' arguments about the scope of their duties made sense only in an "odd Wonderland world" and defied "common sense.").

19   The R&R relied on the district court's opinion in *Matthews* to conclude that Micillo did not speak as a public citizen because, among other reasons, he enjoyed greater access to his supervisors than a member of the general public. DI 18 at 11-12 (citing *Matthews v. City of New York*, 975 F. Supp. 2d 442, 465 (S.D.N.Y. 2013)). The Second Circuit explicitly rejected the district court's reasoning on this point. *See Matthews*, slip op. at 23-24 ("We do not consider the relative degree of access to be material; rather what matters is whether the same or similar channel exists for the ordinary citizen."). In any event, the R&R's discussion of this issue is not essential to its ultimate conclusion, nor does the Circuit's subsequent analysis alter this Court's determination that Micillo spoke pursuant to his duties as an employee and not as a public citizen.